## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### 717 Madison Place, NW, Room 101
### Washington, DC 20005

| | |
|---|---|
| HUMPHREY A. TAYLOR,     ) | |
|               ) | |
|        Plaintiff,     ) | |
|               ) | |
|    - v. -            } | No.  07-239C (Judge Horn) |
|               ) | |
| THE UNITED STATES OF AMERICA,   ) | |
|               ) | |
|        Defendant.     ) | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

1.     *Comes now*, the Plaintiff, Humphrey A. Taylor, through his undersigned counsel to move the Court to order the Defendant to pay an award granted to the Plaintiff by the US Equal Employment Opportunity Commission (EEOC) against the Defendant the US Department of Homeland Security (DHS).  Whereby, the DHS has refused to pay in accordance with said order and is in violation of *Title 42 USC § 2000e et. seq., 5 CFR § 550.805,* and *29 CFR §§ 1614.501—.505.*

### I.     *Jurisdiction*

2.     Pursuant to *Title 28 USC § 1491, 5 CFR § 550.805,* and *29 CFR §§ 1614.501—.505,* the US Court of Federal Claims is vested with jurisdiction over the Plaintiff's claims.

### II.     *Venue*

3.     Venue in Washington DC is proper in that the Defendant is the US of America's DHS with its headquarters in Washington, DC.

### III.     *Parties*

4.     The Plaintiff is an American citizen who currently is an employee of the DHS and

resides in El Paso, Texas, and may be served with process, pleadings and motions

through his undersigned attorney Lorenzo W. Tijerina located at 1911 Guadalupe Street,

San Antonio, Texas 78207, telephone number (210) 231-0112, facsimile number (210)

212-7215.

5.      The Defendant is the DHS with its main office located at Washington, DC, 20520.

The attorney for the US of America and the DHS is the Attorney General of the United

States, the Honorable Alberto P. Gonzalez who can be served with service of process,

pleadings and motions in care of the US Department of Justice, 950 Pennsylvania

Avenue, NW, Room 4400, Washington, DC 20530-0001.

## IV.     *Procedural History*

6.      On or about July 15, 2004, the EEOC's Administrative Law Judge (ALJ), in a

case styled *Humphrey A. Taylor v. Thomas J. Ridge, Secretary of the Department of*

*Homeland Security*, EEOC No. 140-2003-08401X, Agency No. I-02-H026, awarded the

Plaintiff compensatory damages in the form of back pay from June 3, 2001, pursuant to *5*

*CFR 550.805*, and *29 CFR §§ 1614.501—.505*, to be tendered immediately, and non-

pecuniary compensatory damages in the amount of thirty five thousand dollars

($35,000.00). The DHS was ordered to immediately promote the Plaintiff to a GS-12

instructor's position at the Federal Law Enforcement Training Center (FLETC) to which

the Plaintiff had been discriminated against by not being initially selected as an

instructor. Instead of complying with any part of the ALJ's decision, the DHS elected to

appeal the ALJ's decision to the EEOC's Office of Federal Operations (OFO). (*See*

Exhibit marked C-1, copy of the EEOC's ALJ's decision dated July 15, 2004, submitted

with the Plaintiff's initial Complaint).

7.    On May 31, 2006, the OFO rendered its decision affirming the EEOC's ALJ's

decision and award.  The OFO specifically ordered the DHS to comply with the EEOC's

ALJ's decision:

> (1) The Agency shall appoint Complainant to the
> Supervisory Border Patrol Agent, GS-1896-12, position in
> Charleston, South Carolina, or other location agreeable to
> Complainant, retroactive to June 3, 2001, with relocation
> expenses.
>
> (2) The Agency shall determine the appropriate amount of
> back pay with interest and other benefits due Complainant
> for the period from June 3, 2001, pursuant to *29 C.F.R. §
> 1614.501*, and tender that amount to Complainant, no later
> than sixty (60) calendar days after the date this decision
> becomes final.  The Complainant shall cooperate in the
> Agency's efforts to compute the amount of back pay and
> benefits due, and shall provide all relevant information
> requested by the Agency.
>
> (3) The Agency shall tender to Complainant non-pecuniary
> compensatory damages in amount of $35,000.00.
>
> (4) Within sixty (60) calendar days after the date that this
> decision becomes final, the Agency shall take corrective,
> curative and preventive action to ensure that discrimination
> does not recur.  This includes, but is not limited to, training
> for the relevant  (*See* Exhibit marked C-2, a copy of the
> OFO's order dated May 31, 2006).

8.    On or about June 30, 2006, the Defendant filed a motion for reconsideration

before the OFO, which triggered the Plaintiff's undersigned counsel to respond by

moving to dismiss the Defendant's motion as vacuous and fundamentally defective at law

and in-fact.

9.    On or about August 31, 2006, the OFO granted the Plaintiff's motion to dismiss

the Defendant's motion for reconsideration and affirmed the EEOC's ALJ's decision

dated July 15, 2004.

10.     After the Defendant's failure to pay the award as ordered by the OFO, on or about September 23, 2006, the undersigned posted a letter demanding that the Defendant pay as ordered. (*See* Exhibit marked C-3, copy of the Plaintiff's demand letter posted to the Defendant and the EEOC at the Plaintiff's initial Complaint).

11.     In February 2007, the Plaintiff received his non-pecuniary compensatory damages in the amount of $35,000.00; but, he had not received his back pay with interest or his promotion to a GS-12, which has been up graded to GS-13, as ordered by the EEOC's ALJ, the OFO's affirmation, and mandated by *5 CFR § 550.805,* and *29 CFR §§ 1614.501—.505.*

## V.     *Operative Facts*

12.     As of this date the Defendant has failed to timely perform as ordered by the OFO, and mandated by the specific expressed language at *5 CFR § 550.805,* and *29 CFR §§ 1614.501—.505,* the DHS still owes the Plaintiff his back pay and front pay, with interest and all other benefits, including the GS-12 promotion, which the DHS was ordered to pay the Plaintiff pursuant to the EEOC's ALJ's order and the OFO's affirmation and specifically provided at *5 CFR § 550.805,* and *29 CFR §§ 1614.501—.505.*

## VI.    Claim(s)

13.     The Plaintiff alleges that from July 15, 2004, to the present the DHS has intentionally, maliciously and wantonly failed to enforce any part of the EEOC's AJ's decision dated July 15, 2004 as provided at *5 CFR § 550.805,* and *29 CFR §§ 1614.501—.505.*

14.     Effectively, the Plaintiff alleges that the DHS owes the Plaintiff not less than ninety four thousand three hundred sixty six dollars ($94,366.00) summarily calculated as

follows:   (*See 5 CFR § 550.805,* and *29 CFR §§ 1614.501—.505*).

$   2,856.00   for the year 2001, interest and retirement benefits ***not*** included
    14,729.00   for the year 2002, interest and retirement benefits ***not*** included
    15,988.00   for the year 2003, interest and retirement benefits ***not*** included
    18,941.00   for the year 2004, interest and retirement benefits ***not*** included
    20,272.00   for the year 2005, interest and retirement benefits ***not*** included
    21,580.00   for the year 2006, interest and retirement benefits ***not*** included
*$ 94,366.00   Minimum Total Due in Back Pay without interest and retirement*
========   *benefits do not include 2007 calculations.*

15.   The estimated $94,366.00 does not include interest to be taxed by the Court.  Nor, does the $94,366.00 include the current cost and expense for the present litigation before this Court.  Said cost and expense is contracted on a contingent bases at thirty three percent (33%) of the total amount of back pay, with interest, and other benefits due the Plaintiff.

WHEREFORE, premises considered, the Plaintiff prays that this Court find that the Defendant has failed to make the Plaintiff whole as mandated by *5 CFR § 550.805,* and *29 CFR §§ 1614.501—.505.*

Respectfully submitted,

Lorenzo W. Tijerina, Attorney for
Plaintiff Humphrey A. Taylor
1911 Guadalupe Street
San Antonio, Texas 78207
Telephone No. (210) 231-0112
Facsimile No.  (210) 212-7215

## VI. <u>Certificate Of Service</u>

I hereby certify that on this the 20th day of July 2007, a copy of the foregoing Plaintiff's First Amended Complaint was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electric filing system. Parties may access this filing through the Court's system.

/s/Lorenzo W. Tijerina
Lorenzo W. Tijerina, Attorney